

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2003

# Storino v. Point Pleasant Beach

Precedential or Non-Precedential: Precedential

Docket 01-4403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Storino v. Point Pleasant Beach" (2003). *2003 Decisions.* Paper 683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 18, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4403

ANTHONY STORINO; FRANK STORINO,

Appellants

v.

BOROUGH OF POINT PLEASANT BEACH,
A MUNICIPAL ENTITY OF THE STATE
OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable Anne E. Thompson
(D.C. No. 00-cv-3566)

Argued on September 10, 2002

Before: SLOVITER, RENDELL, and FUENTES,
Circuit Judges

(Opinion Filed: March 18, 2003)

Ben A. Montenegro [Argued]
Nicholas C. Montenegro
Michael E. Wilbert
Wilbert, Montenegro & Thompson,
 P.C.
531 Burnt Tavern Road
P.O. Box 1049
Brick Town, New Jersey 08724

*Attorneys for Appellants*

Michael J. McKenna [Argued]
Hiering, Gannon and McKenna
29 Hadley Avenue
P.O. Box 5258
Toms River, New Jersey 08754-5258

Robert D. Ford
Secare, Delanoy, Martino & Ryan
616 Washington Street
Toms River, NJ 08753

*Attorneys for Appellee*

## OPINION OF THE COURT

FUENTES, Circuit Judge:

In this case, Anthony and Frank Storino (the "Storinos"), owners of at least one rooming house in the Borough of Point Pleasant Beach, New Jersey (the "Borough"), are challenging Municipal Zoning Ordinance 2000-11 (the "Ordinance") on one federal ground and several state law grounds. The Ordinance, which was adopted by the Borough in June of 2000, removes the rooming/boarding house use within certain Resort Residential zones and the hotel/motel use within the Marine Commercial zone of the Borough. The Storinos maintain that they have been injured by the adoption of the Ordinance because their current rooming/boarding house and hotel/motel uses will be "zoned out of existence" in time and because they will have to seek a variance for any modifications to their property in the future. The Storinos' federal claim is that by removing these uses within certain zones in the Borough, the Ordinance excludes low and moderate income persons in violation of the Equal Protection Clause. The Storinos contend that they have standing to bring this claim because (1) they have first party standing, or (2) they have third party standing on behalf of low and moderate income persons.[1] After addressing the merits of each of the

_____

1. Although the District Court did not discuss the standing issue and neither party raised the issue on appeal, we discussed it at oral argument. Following oral argument, we instructed the parties to file supplemental briefs limited to the issue of standing.

Storinos' claims, the District Court granted summary judgment to the Borough.

We conclude that the Storinos do not have first party standing because they have not stated an injury in fact that is particularized and imminent. *See Society Hill Towers Owners' Assoc. v. Rendell*, 210 F.3d 168, 175-76 (3d Cir. 2000). Because the Storinos have not suffered an injury in fact, they also do not have third party standing. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991). We find that because standing is a jurisdictional requirement, the District Court should have dismissed the Storinos' federal equal protection claim. *See ACLU-NJ v. Township of Wall*, 246 F.3d 258, 261 (3d Cir. 2001). Moreover, absent jurisdiction over the federal claim, the District Court did not have supplemental jurisdiction over the Storinos' state law claims, and thus should have dismissed those claims as well. *See* 28 U.S.C. § 1367(a). Accordingly, we will vacate the entry of judgement and remand this case to the District Court to dismiss the Storinos' Complaint for lack of jurisdiction.

## I.  *Background*

The Storinos are residents and property owners in the Borough. On May 2, 2000, the Ordinance was introduced for first reading at the Borough Council meeting. After reviewing the proposed Ordinance, the Point Pleasant Beach Planning Board unanimously recommended its adoption. A copy of the proposed Ordinance was then published. On June 6, 2000, after the proposed Ordinance was introduced for a second reading and public hearing at the Borough Council meeting, the Council voted to adopt the Ordinance by a vote of 3-2. Notice of adoption of the Ordinance was published in the local newspaper. The Storinos then filed this action challenging the Ordinance. In addition to their equal protection claim, the Storinos challenge the substance of the Ordinance and the procedural manner in which it was adopted on state law grounds.

## II.  *Discussion*

We begin with a discussion of the standing issue because "[o]n every writ of error or appeal, the first and fundamental

question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Society Hill Towers*, 210 F.3d at 175 (citing *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). "If plaintiffs do not possess Article III standing, both the District Court and this Court lack subject matter jurisdiction to address the merits of plaintiffs' case." *Township of Wall*, 246 F.3d at 261 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Morris v. Horn*, 187 F.3d 333, 344 (3d Cir. 1999)).

For the purpose of determining standing, we must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party. *See Warth*, 422 U.S. at 501. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* at 498. Standing involves both constitutional and prudential limitations on federal court jurisdiction. This Court has summarized the constitutional requirements as follows:

> (1) the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;

> (2) there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and

> (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Society Hill Towers*, 210 F.3d at 175-76 (quoting *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 484-85 (3d Cir. 1998)). Plaintiffs bear the burden of proving standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Township of Wall*, 246 F.3d at 261.

### A. *Injury In Fact*

We will begin with the first of the constitutional standing requirements — injury in fact. The Storinos allege in the Complaint that they are residents of Point Pleasant Beach, New Jersey. (Aa560 at ¶ 3) They maintain that they have ownership interests in various properties located within the Borough of Point Pleasant Beach. (Aa561 at ¶¶ 1, 2) Without further explanation in the Complaint, the Storinos assert that "[a]s a result of the [Borough's] adoption of Ordinance 2000-11, [they] have suffered damages." (Aa562 at ¶ 10)

These allegations alone do not demonstrate that the Storinos have suffered an injury in fact. Although they own property in the Borough, they do not assert in the Complaint that the property they own falls within the scope of the Ordinance. Construing the facts in favor of the Storinos, however, we will assume as much. Even so, the Storinos have not asserted that their ownership interests have actually been affected by the adoption of the Ordinance. In fact, the Storinos admitted that they have not yet incurred damages as a result of the adoption of the Ordinance. (Aa688-89, 721-22) Moreover, the Storinos' attorney conceded during oral argument that they have not yet suffered an injury.

Nonetheless, the Storinos assert that they are certain to experience prospective damages. (Storinos' Reply Brief at 13-16; Storinos' Supp. Brief at 5-6) They explain that the effect of the Ordinance is to make all existing rooming/boarding houses and hotels/motels in the Borough "non-conforming uses." (Storinos' Reply Brief at 13) The Storinos concede that under the Municipal Land Use Law, N.J.S.A. §40:55D-1 *et seq.*, non-conforming uses are deemed to have acquired a vested right to continue in their current form regardless of new zoning provisions. *Id.* They assert, however, that the New Jersey courts have held that non-conforming uses should be reduced to conformity as quickly as is compatible with justice. *Id.* at 13-14 (citing *Belleville v. Parrillo's, Inc.*, 83 N.J. 309 (1980); *Hay v. Board of Adjustment*, 37 N.J. Super. 461, 464 (App. Div. 1955)). They also contend that the New Jersey courts have permitted municipalities to impose limitations upon non-

conforming uses, including requiring a property owner to apply for a variance in order to convert an existing property into a rooming or boarding house or a hotel or motel, and requiring owners of such uses to apply for a variance to expand their structure or operation. (Storinos' Supp. Brief at 5-6) (citing N.J.S.A. §40:55D-70(d)). The Storinos maintain that the criteria for a variance are stringent and the costs associated with an application are "significant." *Id.* Thus, the Storinos argue that they are prospectively damaged by the Ordinance because it is certain that their current rooming/boarding house and hotel/motel uses will be "zoned out of existence over time and any modification/enlargements of said use[s] would require use variance approval from the Zoning Board of Adjustment." (Storinos' Reply Brief at 15)

This allegation of future damage is insufficient to accord the Storinos standing to assert their federal claim. The first problem is that this allegation was not stated in the Complaint. Even if it were, however, it would not demonstrate injury in fact for standing purposes because it is conjectural. *See Society Hill Towers,* 210 F.3d at 175-76. The Storinos will not suffer injury if their properties are allowed to continue in their present state as non-conforming uses. Although the Storinos describe the prospective necessity of a variance application as a certainty, they do not cite any relevant authority for that position (e.g. a present or proposed Borough law or regulation requiring the owner of a non-conforming use property to apply for a variance within a certain period of time). Nor do they assert that they have immediate plans to undertake any projects with respect to their property that would necessitate an application for a variance. In fact, it is possible that the Storinos will not have to request a variance for a lengthy period of time, possibly even years. The Storinos could also transfer their ownership interests before they are required to apply for a variance and would not suffer the injury they have described as a certainty. Indeed, as became clear during oral argument, one cannot describe how the Storinos will be injured without beginning the explanation with the word "if." The prospective damages, described by the Storinos as certain, are, in reality, conjectural.

In sum, the Storinos cannot satisfy the constitutional requirements for first party standing because, even accepting as true the material allegations in their Complaint and construing those facts in their favor, they have not sufficiently alleged an injury in fact that is particularized, actual, or imminent. The only injury the Storinos have demonstrated is prospective and conjectural.

## B. *Third Party Standing*

The Storinos present an alternative theory of standing for their equal protection claim. They allege that the Ordinance "excludes low and moderate income persons from [the Borough] by removing rooming/boarding houses as permitted uses within Point Pleasant Beach and by removing hotels/motels from the marine commercial zone" in violation of the equal protection clause. (Aa562 at ¶ 9) During oral argument, the Storinos described this theory as "stand[ing] in the shoes of the low income persons to assert the rights of that class" who want to live in the housing the Storinos provide in the Borough.[2]

This theory is similar to that presented by the plaintiffs in *Warth*. In that case, the plaintiffs, various organizations and individuals operating and living in Rochester, New York, brought suit against an adjacent town claiming that the town's zoning ordinance effectively excluded persons of low and moderate income from living there. 422 U.S. at 493. The individual plaintiffs in that case asserted standing as members of the class of low and moderate income

---

2. The Storinos also asserted taxpayer standing during oral argument. They cannot have standing merely on the basis of their status as taxpayers. The Supreme Court has prohibited generalized grievances, which prevents individuals from suing if their only injury is as a taxpayer concerned with having the government follow the law. *See Lujan*, 504 U.S. at 573-78; *Warth*, 422 U.S. at 499. At present, the only acknowledged exception to this rule arises when a plaintiff challenges a government expenditure as violating the establishment clause. *See* Erwin Chemerinsky, Federal Jurisdiction § 2.3.5 (3d ed. 1999). The Storinos' equal protection challenge does not fit within this recognized exception to the prohibition against taxpayer suits, and they have not presented any reason to expand upon this exception or create another.

persons. *Id.* at 502. The Supreme Court found that allegation alone to be insufficient for standing purposes because "the fact that these [plaintiffs] share attributes common to persons who may have been excluded from residence in the town is an insufficient predicate for the conclusion that [plaintiffs] themselves have been excluded . . . ." *Id.*

Here, the Storinos have conceded that they are not members of the class of low and moderate income persons described in their Complaint. Unlike the individual plaintiffs in *Warth*, they do not even allege that they are among the class of people whose equal protection rights have been violated by the adoption of this Ordinance. Their second asserted basis for standing, therefore, runs afoul of the holding in *Warth* that "a plaintiff who seeks to challenge exclusionary zoning practices must allege specific, concrete facts demonstrating that the challenged practices harm *him*, and that he *personally* would benefit in a tangible way from the court's intervention." *Id.* at 508 (emphasis added).

In general, a litigant may assert only his own legal rights or interests, and can not "rest a claim to relief on the legal rights or interests of third parties." *Powers*, 499 U.S. at 410. The Court has recognized a limited right of litigants to bring actions on behalf of third parties only when the following three criteria are met: (1) the litigant has suffered an injury in fact giving him a sufficiently concrete interest in the outcome of the issue; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his own interests. *Id.* at 410-11 (citing *Craig v. Boren*, 429 U.S. 190 (1976); *Singleton v. Wulff*, 428 U.S. 106 (1976)).

This well-settled precedent makes clear that it is only possible to find third party standing when there is also an injury in fact alleged by the first party plaintiff. As was explained above, the Storinos have not alleged an injury in fact. Nonetheless, in their supplemental brief, the Storinos claim that their "standing in the shoes of low income people" argument is analogous to the *Craig v. Boren* form of third party standing.

In *Craig*, the operation of a state law inflicted injury upon a beer vendor because she was "obliged either to heed the

statutory discrimination, thereby incurring a direct economic injury through the constriction of the buyers' market, or to disobey the statutory command and suffer, . . . 'sanctions and perhaps loss of license.'" 429 U.S. at 194 (citations omitted). Accordingly, the Supreme Court found that the beer vendor met the injury in fact requirement for first party standing. *Id.* at 194-95. The Court found that the beer vendor was also entitled to "assert those concomitant rights of . . . [young males] that would be 'diluted or adversely affected' should her constitutional challenge fail and the statutes remain in force." *Id.* at 195. The Storinos argue that, like the beer vendor who argued on behalf of third party beer buyers in *Craig,* they should be permitted to litigate their claim "by acting as advocates of the rights of third parties who seek access to their market and function." (Storinos' Supp. Brief at 9) The crucial distinction between the beer vendor plaintiff in *Craig* and the property owner plaintiff in our case is that the beer vendor alleged facts sufficient to meet the injury in fact requirement for first party standing. *Craig,* 429 U.S. at 194-95. As we have explained, the Storinos have not met the injury in fact requirement. Accordingly, the Storinos have mistakenly interpreted *Craig* to stand for the proposition that where the plaintiff is asserting a claim on behalf of those who would have standing, he has standing imputed to him.

## C. *State Law Claims*

The Storinos also challenge the Ordinance on state law grounds. As we have previously stated, the Storinos lack standing to bring their federal claim. That lack of standing affects the District Court's ability to address supplemental state law matters. As the applicable federal statute provides, ". . . *in any civil action of which the district courts have original jurisdiction,* the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. § 1367 (a) (emphasis added). But because the Storinos lack standing, the District Court

lacked original jurisdiction over the federal claim, and it therefore could not exercise supplemental jurisdiction. *See id.*; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court" in order for the court to exercise supplemental jurisdiction.); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995). Rather than addressing the merits of the state claims as well as the federal claim, the District Court should have dismissed the Storinos' Complaint in its entirety.

### D. *The Importance of the Standing Doctrine*

The Supreme Court has recently reminded the federal courts of the importance of the standing doctrine. In remonstrating several Courts of Appeals for proceeding to an easily-resolved merits question despite jurisdictional objections, a practice referred to as creating "hypothetical jurisdiction," the Court stated that:

> Much more than legal niceties are at stake here. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.

*Steel Company*, 523 U.S. at 101-2 (citations omitted).

As is clear from the District Court's opinion, which focuses almost exclusively on the state law challenges to the Ordinance, and the Storinos' failure to allege a violation of their federal constitutional rights, this is primarily a state law case. An action challenging a municipal ordinance on substantive and procedural state law grounds is normally brought in state court where the judges have greater expertise in resolving such an action. The standing doctrine, derived from the "case or controversy" requirement in Article III of the United States Constitution,

is intended to preserve the separation of powers between the coordinate branches of the federal government. And in this case, it also serves to preserve and protect the principle of dual sovereignty. There is much at stake in the task of ensuring proper jurisdictional bases for each and every claim — particularly when courts are called upon to review a state or local legislative enactment. The Supreme Court has noted that "zoning laws and their provisions, long considered essential to effective urban planning, are peculiarly within the province of state and local legislative authorities. They are, of course, subject to judicial review in a proper case. But citizens dissatisfied with provisions of such laws need not overlook the availability of the normal democratic process." *Warth*, 422 U.S. at 508 n. 18. That is not to say that we will not exercise proper jurisdiction over such matters, but only that we will exercise care in determining that our jurisdiction is, in fact, proper.

### III.  *Conclusion*

For the aforementioned reasons, we will vacate the entry of judgment and remand to the District Court for it to dismiss the Storinos' Complaint for lack of jurisdiction.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals
for the Third Circuit*