

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2005

# Chadda v. Gillepsie

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chadda v. Gillepsie" (2005). *2005 Decisions.* Paper 830.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/830

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-225                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1940
_____

SOLANGE CHADDA,
I REPRESENT "WE THE PEOPLE,"

v.

ED GILLEPSIE; DICK CHENEY/BUSH 2004 CAMPAIGN; CONDOLEZZA RICE;
GEORGE W. BUSH; RICK PERRY, THE GOVERNOR OF TEXAS

Solange Chadda,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-4207)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 5, 2005

Before: ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed: July 18, 2005)
_____

OPINION
_____

PER CURIAM

    Solange Chadda appeals from a District Court order granting Appellees' motions to

dismiss her complaint.  Appellees move this Court to summarily affirm the District Court's

order. Because no substantial question is presented, we will grant Appellees' motions and affirm the order of the District Court. L.A.R. 27.4.

On September 3, 2004, Chadda filed a complaint which is largely unintelligible. Even after considering the complaint and two amended versions, the District Court could not discern the basis of the suit. In dismissing for lack of standing, failure to state a claim, and other reasons, it stated the filings "consist of what appears to be paranoid, delusional rantings against the Defendants and the current administration." Chadda v. Gillespie, No. 04-4207, slip op. at 2 (E.D. Pa. Feb. 24, 2005). Chadda appealed and the Appellees moved for summary affirmance. Chadda responded. The motions are ripe for review.

We must first address whether Chadda has standing to sue. See Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003). To have standing, a plaintiff must establish (1) an injury in fact–i.e., an invasion that is "concrete and particularized, . . . not hypothetical and conjectural"; (2) "a causal connection between the injury and the conduct complained of"; and (3) the injury must be redressable. Id. (citations omitted).

We agree with the District Court that Chadda lacks standing. We can piece together no more than a conjectural abstract injury from Chadda's pleadings. It appears that Chadda believes the current administration stole her land and mineral rights, but she identifies no specific asset or incident. She also presents a vague First Amendment claim, but it is left to the imagination how her rights were violated. Accordingly, her abstract and hypothetical injuries cannot amount to an injury in fact.

For the foregoing reasons, no substantial question is presented and we will grant Appellees' motions and affirm the District Court's order dismissing the complaint.