

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2005

# Landes v. Tartaglione

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Landes v. Tartaglione" (2005). *2005 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-4421 & 04-4439
_____

LYNN E. LANDES,

Appellant

V.

MARGARET TARTAGLIONE, in her official capacity as chair of the city
Commissioners of Philadelphia; PEDRO A. CORTES, in his official capacity as
Secretary of the Commonwealth of Pennsylvania; *ALBERTO GONZALES, in his
official capacity as the Attorney General of the United States

(*Amended per Clerk's Order of 3/1/05)

_____

On Appeal From the United States District Court
For the Eastern District of Philadelphia
(D.C. Civil Nos. 04-cv-03164 & 04-cv-03163)
District Judges: Honorable Bruce Kauffman and Thomas N. O'Neill, Jr.

_____


Submitted Under Third Circuit LAR 34.1(a)
August 5, 2005

Before: ROTH, McKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: November 2, 2005)


_____

OPINION

_____

PER CURIAM

Lynne Landes filed two suits in the District Court for the Eastern District of Pennsylvania against state and federal government officials seeking injunctive and declaratory relief for alleged violations of Article I § 2 of the United States Constitution, the First Amendment, the Fourteenth Amendment, the Voting Rights Act of 1965 (42 U.S.C. § 1971 et. seq), and 42 U.S.C. § 1983. The first suit challenged the use of electronic voting machines, E.D. Pa. Civil No. 04-cv-03163, and the second suit challenged the use of absentee balloting, E.D. Pa. Civil No. 04-cv-03164. See Supplemental Appendix (Nos. 04-4421/4439) at 1-18, 48-57. In both cases, the District Court granted the government officials' motions to dismiss, finding that Landes lacked standing to bring suit. Appendix (No. 04-4421) at 3-7; Appendix (No. 04-4439) at 3-8. The appeal of the voting machine suit is docketed at No. 04-4439, and the absentee ballot suit is docketed at No. 04-4421. The appeals were consolidated for disposition.

Our review of the District Court's dismissal for lack of standing is plenary. Pennsylvania Psychiatric Soc. v. Green Spring Health Serv., Inc., 280 F.3d 278, 282 (3d Cir. 2002).

A person seeking to invoke federal jurisdiction must establish her standing to sue under Article III § 2 of the Constitution, which limits the courts to hearing actual cases or controversies. Anjelino v. New York Times, 200 F.3d 73, 87 (3d Cir. 1999). To establish standing, the party must set forth, *inter alia*, specific facts indicating an injury in

fact that is "concrete and particularized and actual or imminent, not conjectural or hypothetical." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003); see also Raines v. Byrd, 521 U.S. 811, 818-20 (1997). Viewing the facts alleged in Landes' complaints in the light most favorable to her, see Pennsylvania Psychiatric Soc., 280 F.3d at 283, we agree with the District Court's conclusion that Landes does not allege a "concrete and particularized" injury, and thereby lacks standing. Accordingly, we will affirm.