

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# Cuvo v. De Bias

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cuvo v. De Bias" (2006). *2006 Decisions.* Paper 1585.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1585

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4221

_____

JACK WALTER CUVO;
JENNIFER CUVO,

Appellants

v.

CHRISTOPHER DE BIASI, Officer,
Individually and in his
official capacity as a member of
the Palmer Township Police Department;
DANIEL MONEK, Detective,
Individually and in his
official capacity as a member of
the Palmer Township Police Department;
BRUCE FRETZ, Chief of Police,
Individually and in his
official and supervisory capacity as
Chief of the Palmer Township Police Department;
THE TOWNSHIP OF PALMER

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-05799)
District Judge: Honorable James K. Gardner

_____

Submitted under Third Circuit LAR 34.1(a)
on 11/7/05

BEFORE: ROTH, FUENTES AND GARTH, <u>Circuit Judges</u>

(Filed: February 14, 2006 )

**ROTH,** <u>Circuit Judge</u>:

## I. Facts

Jack Cuvo appeals from the judgment of the District Court dismissing his Complaint. On October 19, 2001, Cuvo was driving his car a few blocks from his home in Palmer Township, Pennsylvania, when he experienced a momentary loss of consciousness. Cuvo lost control of the car and crashed through a road sign and a fire hydrant, finally coming to rest on a curb. Cuvo claims the loss of consciousness was caused by head injuries sustained in an assault by Easton, Pennsylvania, police officers ten days earlier.

After the accident, Cuvo required medical attention. Christopher De Biasi,[1] a Palmer Township police officer, apparently passed by the scene and stopped to investigate. Instead of calling for medical treatment, Officer De Biasi arrested Cuvo and

---

[1]There is some confusion as to the proper spelling of Officer De Biasi's name. Indeed, in Appellees brief, he is referred to both as "DeBiasi" and "DeBias" without any apparent rhyme or reason. The caption used by the District Court contained yet a third variation, "De Bias," and that is how he was referred to by the District Court in its opinion. We will use "De Biasi", with a space between "De" and "Biasi", because that is the spelling on the caption before this Court. It is odd that even attorneys for appellees seem uncertain as to the proper spelling of the name of one of their clients. To be clear, when we refer to "De Biasi" we intend to refer to the person also intermittently identified as "DeBias", "De Bias", or "DeBiasi".

transported him to Easton Hospital. At the hospital, Officer De Biasi and Cuvo were met by Detective Daniel Monek, another Palmer Township officer. At this point, Cuvo alleges that representatives of his counsel told the officers that the accident was the result of a seizure caused by the battery by the Easton police. Unpersuaded by this information, the officers responded that Cuvo was under arrest for driving under the influence in violation of 75 PA. CONS. STAT. ANN. § 3731. No criminal charges were ever filed.

After the incident, Cuvo alleges that Officer De Biasi and Detective Monek published information concerning the accident, including assertions that Cuvo was under the influence of controlled substances and that those substances were the cause of his crash. Cuvo claims that Officer De Biasi and Detective Monek made these comments, knowing they were false, to discredit Cuvo with respect to the earlier incident with the Easton police, as well as to curry favor with police officers from that neighboring jurisdiction. Cuvo alleges that defendant Bruce Fretz, the Palmer Township Chief of Police, tacitly approved the release of the false information.

On October 20, 2003, Jack Cuvo and his wife Jennifer filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. Count I alleged that the defendants, Officer De Biasi, Detective Monek, Chief Fretz, and the Township of Palmer, violated Cuvo's civil rights under 42 U.S.C. § 1983 by arresting and detaining him without probable cause. The Complaint also alleged counts of intentional infliction of emotional distress, assault and battery, negligent infliction of emotional distress, false

arrest, false imprisonment, malicious prosecution, and a loss of consortium claim for Cuvo's wife. On January 26, 2004, the defendants filed a motion to dismiss. By Order dated September 30, 2004, the District Court granted the defendants' motion and dismissed the Complaint. Cuvo appealed.

Cuvo's appeal lists five instances of error: (1) the District Court erred in dismissing six of the eight counts of his Complaint by concluding that the mere occurrence of an automobile accident constitutes probable cause for an arrest for driving under the influence; (2) the District Court erred by finding that the defendants had qualified immunity; (3) the District Court erred in striking Counts I and II on the ground that they constitute impermissible defamation claims; (4) the District Court erred in finding that a suit brought against a municipal employee in his official capacity is functionally the same as a suit against the municipality itself; and (5) the District Court erred in dismissing Cuvo's claims against the municipality for unconstitutional policies because of its mistaken finding that probable cause existed to arrest Cuvo. We will affirm in part and reverse in part.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and 1367. We have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291. We exercise plenary review over complaints dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954

4

F.2d 869, 871 (3d Cir. 1992).  In reviewing a motion to dismiss under Rule 12(b)(6), we accept as true all well-pled factual allegations and all reasonable inferences capable of being drawn therefrom.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).  We affirm only if it is certain that no relief could be granted under any set of facts that the plaintiff could prove.  *Id.*

## III.  Discussion

To effectuate a lawful arrest, the Palmer Township officers had to have probable cause to believe that Cuvo was driving under the influence.  *See Atwater v. City of Lago Vista*, 532 U.S. 318 (2001);  *Ker v. Cal.*, 374 U.S. 23, 34-35 (1963).  In the present case, the only evidence that Cuvo was driving under the influence was his involvement in a single-car automobile accident.  However, an accident alone, regardless of severity, is insufficient to form the basis for probable cause to believe that the driver was under the influence of alcohol.  *See Commonwealth v. Kohl*, 615 A.2d 308 (Pa. 1992); *Commonwealth v. Franz*, 634 A.2d 662, 664-65 (Pa. Super. Ct. 1993).  Instead, a finding of probable cause to believe a driver is under the influence of alcohol requires some evidence independent of the accident itself, such as bloodshot eyes, slurred speech, or the smell of alcohol on the suspect's breath.  *See Commonwealth v. Urbanski*, 627 A.2d 789, 793 (Pa. Super. 1995).  Taking Cuvo's allegations as true, the record is devoid of any evidence, other than the accident itself, that would have led Officer De Biasi and Detective Monek reasonably to suspect that Cuvo was driving under the influence.

5

Therefore, taking all facts in the Complaint as true, we conclude that Officer De Biasi and Detective Monek did not have probable cause to arrest Cuvo for driving under the influence.[2]

The District Court's reliance on 75 PA. CONS. STAT. ANN. § 1547(a) as authorization for the arrest is misplaced. Section 1547(a) provides:

> Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:
>
> (1) in violation of section . . . 3802 (relating to driving under the influence of alcohol or controlled substance) . . . or
>
> (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

---

[2]We are aware that Officer De Biasi and Detective Monek played distinct roles in Cuvo's arrest. Under the collective knowledge doctrine, *United States v. Belle*, 593 F.2d 487, 497 n.15 (3d Cir. 1979), we will grant Detective Monek the benefit of any information that Officer De Biasi learned in his initial response to the scene. This concession is of little benefit to Detective Monek, however, because Officer De Biasi was not aware of facts constituting probable cause and there is nothing in the record to suggest that Detective Monek had any additional evidence that Cuvo was intoxicated before participating in the continuing deprivation of Cuvo's liberty. Reading the Complaint in the light most favorable to Cuvo, Detective Monek played a part in his arrest, acting under color of state law, and did so without probable cause. "Defendant Monek **and** Defendant DeBias [sic] insisted that Mr. Cuvo was under arrest for Driving Under the Influence . . .." Compl. at para. 20 (emphasis added).

6

This statute fails to justify the arrest for several reasons. First, and most obviously, the statute permits the administration of a blood alcohol test–not an arrest. Cuvo has not alleged–and neither party has indicated–that the defendants administered such a test here. It is an arrest that is at issue. Second, even if the statute did permit an arrest under the circumstances it enumerates, the arrest would not be permitted under the circumstances here. Section 1547(a)(1) requires that there be "reasonable grounds to believe" that a driver was operating a car while under the influence. Here, as discussed above, no such grounds are alleged. Section 1547(a)(2) requires only that the operator of the vehicle be in need of medical treatment–which Cuvo was–but the Pennsylvania Supreme Court invalidated this section over ten years ago. Kohl, 615 A.2d at 308.[3]

Having concluded that Officer De Biasi and Detective Monek lacked probable cause to arrest Cuvo and that there was no independent statutory authorization for the arrest, we now address whether they are entitled to qualified immunity. We believe the answer is no. Qualified immunity is intended to shield government officials performing discretionary functions, including police officers, "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.

---

[3]The District Court noted that "the law has been repeatedly upheld by the appellate courts of Pennsylvania." The cases it cited in support of this proposition, however, were (1) a case applying the law before the Pennsylvania Supreme Court struck it down and (2) a case upholding a blood test under (a)(1) of the statute in a case where, unlike here, the police had probable cause to believe the driver was drunk.

7

800, 818 (1982); *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).[4]  As discussed above, the facts alleged (taken in the light most favorable to Cuvo) show that the officers' conduct violated Cuvo's Fourth Amendment right to be free from arrest under the circumstances of this case.  Therefore, Officer De Biasi and Detective Monek would be entitled to qualified immunity only if we determine that the right was not clearly established.

We note that "[a]s a general matter, a right is 'clearly established' when the contours of the right are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *McGreevy v. Stroup*, 413 F.3d 359, 366 (3d Cir. 2005) (quoting *Saucier*, 533 U.S. at 202).  It is sufficiently clear that the officers' conduct –arresting Cuvo for driving under the influence absent probable cause–violates the Fourth Amendment and that a reasonable official would understand as much.  The officers, thus, are not entitled to qualified immunity.[5]

---

[4]Qualified immunity is not merely a defense to liability; but rather "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002).  Accordingly, the Supreme Court has emphasized the importance of resolving qualified immunity questions as early in the proceedings as possible.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Curley*, 298 F.3d at 277.

[5]The District Court held that Detective Monek was entitled to qualified immunity "[b]ecause plaintiffs do not aver that the conduct of [Detective Monek] exceeded that of Officer DeBias [sic] . . .."  Because of our conclusion that Officer De Biasi is *not* entitled to qualified immunity, the District Court's basis for immunizing Detective Monek is undercut.  As discussed above, even granting Detective Monek the benefit of Officer De Biasi's knowledge, participating in Cuvo's arrest was a violation of Cuvo's clearly established right not to be deprived of liberty absent probable cause.

Our conclusion that the officers did not have probable cause to arrest Cuvo guides

our decision to reverse the District Court's dismissal of the § 1983 claims against the

Township of Palmer and Chief Fretz.  The District Court held that:

> Because we find no Constitutional violation arising from Officer DeBias'
> [sic] arrest and detainment of Mr. Cuvo, we are precluded from finding that
> any other officer or the Township violated Mr. Cuvo's rights by not
> preventing the arrest and subsequent imprisonment.

Having already held that there was not probable cause to believe that Cuvo was

intoxicated when he was arrested, we must reverse the District Court's dismissal of the §

1983 claims against Chief Fretz and the Township.  The District Court did not articulate

any other basis for dismissal of these claims, and we will not assume one.  In light of our

holding that Officer De Biasi and Detective Monek lacked probable cause to believe that

Cuvo was intoxicated when they arrested him, Cuvo's Complaint supports a claim against

both Chief Fretz and the Township as well.[6]

---

[6]There are, of course, different standards for § 1983 liability for a township and a
supervising officer than for officers alleged to have directly violated an individual's
rights.  *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978) (describing
"policy or custom" liability for public entities); *Robinson v. Pittsburgh*, 120 F.3d 1286,
1294 (3d Cir. 1997) (discussing supervisory liability).  We note that Cuvo alleges that
Chief Fretz "actually acquiesced" in the allegedly unconstitutional conduct perpetrated by
Officer De Biasi and Detective Monek.  This can provide the basis for supervisory
liability under § 1983.  *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).
Nor, on the facts averred, is Chief Fretz entitled to qualified immunity because he tacitly
authorized the deprivation of Cuvo's clearly established right not to be arrested without
probable cause.  *See McGreevy v. Stroup*, 413 F.3d at 366.  With respect to the Township,
Cuvo alleges, among other things, that the Township has a "policy, practice, procedure, or
custom" that led to the constitutional deprivation in this case.  Such an allegation can
form the foundation of a claim of public entity liability under § 1983.  *Monell*, 436 U.S. at

Furthermore, we will reverse the District Court's dismissal of Counts I and II of the Complaint insofar as the District Court held that Cuvo was alleging an impermissible defamation action. Count I outlines Cuvo's 42 U.S.C. § 1983 claim. The reference to impairment of professional and personal reputation is properly understood as a permissible component of damages stemming from the defendants' alleged § 1983 violation. *See Bolden v. Southeastern Pa. Transp. Auth.*, 21 F.3d 29 (3d Cir. 1994). Count II, by its terms, alleges a claim of intentional infliction of emotional distress. It simply is not an impermissible defamation cause of action.

We will affirm the District Court's dismissal of the claims against the officers in their official capacities because a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them. *McMillian v. Monroe County*, 520 U.S. 781 (1997). Because Cuvo is suing Palmer Township, the suit against the officers in their official capacities is redundant. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

The District Court dismissed Cuvo's malicious prosecution and negligent infliction of emotional distress claims after noting that the "plaintiffs have failed to state a claim upon which relief can be granted" for either one. Unfortunately, the District Court did not provide any discussion beyond merely concluding that Cuvo failed to state a claim under each theory. We will reverse these decisions because we will not divine the

---

694.

rationale undergirding the dismissals. We make no comment on the substantive merits of the claims alleged in either Count IV or Count VII.

Finally, the District Court dismissed the rest of Cuvo's state law claims after dismissing the federal claims that formed the basis for original jurisdiction. 28 U.S.C. § 1367; *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 295 (3d Cir. 2003). Because our decision revives the basis for original jurisdiction, Cuvo's state law claims, including his claims for malicious prosecution and negligent infliction of emotional distress, are once again properly before the District Court. 28 U.S.C. § 1367.

## IV. Conclusion

We will affirm the District Court's ruling dismissing the claims against the officers in their official capacities because such claims are encompassed within Cuvo's claims against the Township itself. We will reverse the District Court's dismissal of the remaining federal and state claims and remand for proceedings consistent with this opinion.