Nicholas PURPURA, a sovereign citizen, and for people similarly situated in New Jersey that hold citizenship in United States, Appellant

v.

Governor Chris CHRISTIE; Pres. Senate Steven M. Sweeney; Assembly Speaker Vincent Prieto; Attorney General John J. Hoffman; Joseph Rick Fuentes, Firearms Superintendent;

Judge Michael A. Donio; Judge Rudolph A. Filko; Judge Edward A. Jerejian; Judge Thomas V. Manahan.; Judge Joseph W. Oxley; Judge Ronald Lee Reisner; Judge Leonard P. Stark; Judge Ruggero J. Aldisert; Lorretta Weinberg; Senator Richard J. Codey; Annette Quijano; Peter J. Barnes, III; Reed Gusciora; Cleopatra G. Tucker; Gordon M. Johnson; Pamela R. Lampitt; John F. McKeon; Sean Kean; Bonnie Watson Coleman; Robert Singer; Nia H. Gill; L. Grace Spencer; Shirley K. Turner; Patrick J. Diegnan.; Mila M. Jasey; Tim Eustace; Gabriela M. Mosquera; Jason O'Donnell; Gary Schaer; Louis D. Greenwald; Charles Mainor; Valerie Vainieri Huttle; Herbert Conaway; Richard Cook; Achille Taglialatela

No. 16-3173

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 11, 2017

(Opinion filed: April 19, 2017)

Nicholas Purpura, Pro Se

Susan M. Scott, Esq., Office of Attorney General of New Jersey, Department of Law & Public Safety, Trenton, NJ, Benjamin H. Zieman, Esq., Office of Attorney General of New Jersey, Division of Law Employment Litigation Section, Trenton,

---

NJ, for Defendant-Appellee Governor Chris Christie

Brian W. Mason, Esq., Mason Thompson, Dover, NJ, for Defendants-Appellees Richard Cook, Achille Taglialatela

David V. Bober, Esq., J. Andrew Ruymann, Esq., Office of United States Attorney, Trenton, NJ, Irene E. Dowdy, Esq., Office of United States Attorney, Camden Federal Building & Courthouse, for Defendant-Appellee Judge Leonard P. Stark

Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

OPINION *

PER CURIAM

Pro se appellant Nicholas Purpura appeals the District Court's orders dismissing his complaint and denying his motion under Fed. R. Civ. P. 59(e). For the reasons set forth below, we will affirm.

Purpura objects to the New Jersey statute regulating the issuance of permits to carry handguns in public. See N.J.S.A. § 2C:58–4. In the District Court, he sued a host of defendants, including the politicians who passed the statute, the judges who have upheld it, and the lawyers and public officials who have administered it. He presented claims under 42 U.S.C. §§ 1983, 1985, and 1986. In short, Purpura alleged that the defendants have conspired to enact, defend, and apply an unconstitutional law.

The parties filed a number of motions in the District Court. Purpura sought a default judgment, while the defendants filed motions to dismiss. Ultimately, the District Court granted the motions to dismiss, concluding that Purpura lacked standing to litigate his claims. The Court also denied Purpura's motion for a default judgment. Purpura then filed a Rule 59(e) motion, which the Court denied, and a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo the District Court's standing determination, see Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 266 (3d Cir. 2014), and review the Court's denial of the Rule 59(e) motion for abuse of discretion, see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

The District Court did not err in concluding that Purpura lacked standing. Article III of the Constitution limits federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co. v. APCC Servs., 554 U.S. 269, 273, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008). To establish Article III standing, a plaintiff must show, among other things, that he "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). We "assess standing as of the time a suit is filed."[2]

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. We conclude that the District Court's dismissal without prejudice is a final order under 28 U.S.C. § 1291 because Purpura has elected to stand on his complaint. See Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007).

2. In applying the standing rules, "our primary project is to separate those with a true stake in the controversy from those asserting 'the generalized interest of all citizens in constitutional governance.'" Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,

Clapper v. Amnesty Int'l USA, 568 U.S. 398, 133 S.Ct. 1138, 1157, 185 L.Ed.2d 264 (2013).

Here, Purpura failed to plead that he had suffered an injury in fact. He did not claim that he had applied for and been denied a permit or that the statute had otherwise harmed him. As the District Court explained, Purpura's complaint, while presenting extensive legal argument concerning the constitutionality of § 2C:58–4, contained just a single allegation that linked the statute to Purpura: Purpura claimed that, if a police officer stopped him when he was on his way to a shooting range, and if Purpura were wearing his entrance tag to the shooting range, and if the officer noticed that tag and inquired whether Purpura was transporting firearms, and if Purpura had made a mistake in storing his guns or failed to separate his firearm from his ammunition, he could be punished. This "highly attenuated chain of possibilities" does not satisfy the injury-in-fact requirement. Id. at 1148; see also City of L.A. v. Lyons, 461 U.S. 95, 108, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); In re N.J. Title Ins. Litig., 683 F.3d 451, 461 (3d Cir. 2012).

Purpura did allege in his complaint that certain other individuals have been harmed by § 2C:58–4. However, to establish third-party standing, a litigant must demonstrate that (1) he has suffered an "injury in fact" that provides him with a "sufficiently concrete interest in the outcome of the issue in dispute"; (2) he has a "close relation to the third party"; and (3) there exists "some hindrance to the third party's ability to protect his or her own interests." Powers v. Ohio, 499 U.S. 400,

Inc., 454 U.S. 464, 483, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

**3.** Because the District Court lacked subject-matter jurisdiction, it properly denied Purpu-

411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (quotation marks omitted). Purpura has satisfied none of those requirements here. See generally Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 295 (3d Cir. 2003); Nasir v. Morgan, 350 F.3d 366, 376 (3d Cir. 2003). Accordingly, we will affirm the District Court's dismissal order.[3]

The District Court also denied Purpura's Rule 59(e) motion, explaining that Rule 59(e) motions are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and may not be used to relitigate old matters or to present evidence or arguments that could have been offered earlier. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008); Blystone, 664 F.3d at 415. Purpura does not meaningfully challenge that decision here.

We will therefore affirm the District Court's judgment.

ra's request for a default judgment. See Holt v. Lake Cty. Bd. of Comm'rs, 408 F.3d 335, 336-37 (7th Cir. 2005) (per curiam).