# GREAT SOUTHERN FIRE PROOF HOTEL COMPANY *v.* JONES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 210. Argued March 21, 22, 1900. — Decided April 9, 1900.

On writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.

A limited partnership, doing business under a firm name, and organized under the act of the General Assembly of Pennsylvania approved June 2, 1874, entitled "An act authorizing the formation of partnership associations in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," is not a corporation within the rule that a suit by or against a corporation in a court of the United States is conclusively presumed, for the purposes of

the litigation, to be one by or against citizens of the State creating the corporation. It is not sufficient that the association may be described as a *quasi* corporation or as a "new artificial person." The rule does not embrace a new artificial person that is not a corporation.

Under the circumstances disclosed by the record·the Circuit Court should allow an amendment of the pleadings upon the subject of the citizenship of the parties, and the case should proceed to a final hearing on the merits in the event the pleadings as amended show a case within the jurisdiction of the court.

THE·case is stated in the opinion of the court.

*Mr. John E. Sater* and *Mr. D. F. Pugh* for petitioner.

*Mr. Tulfourd P. Linn* and *Mr. Louis G. Addison* for respondents.

MR. JUSTICE HARLAN delivered the opinion of the court.

The bill in this suit, commenced in the Circuit Court of the United States for the Southern District of Ohio, Eastern Division, describes the plaintiffs Benjamin F. Jones, George M. Laughlins, Henry A. Laughlins, Jr., and Benjamin F. Jones, Jr., as "members of the limited partnership association doing business under the firm name and style of Jones & Laughlins, Limited, which said association is a limited partnership association, organized under an act of the General Assembly of Pennsylvania, approved June 23d [2d], 1874, entitled ' An act authorizing the formation of partnership associations in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances,'" and who "have their office and principal place of business in the city of Pittsburg," and which association is "a citizen of the State of Pennsylvania." Penn. Laws, 1874, ·p. 271.

· The defendant first named in the bill is the Great Southern Fire Proof Hotel Company, a corporation of the State of Ohio; and some of the defendants are corporations and citizens of States other than the State of Pennsylvania.

The remaining defendants are thus described in the bill :·

" Taylor, ·Beall & Company is a partnership doing business in

the city of Columbus and State of Ohio, the individual partners thereof being William D. Taylor, James P. Beall and William J. Keever."

"Sturgeon, Ford & Company is a partnership doing business in the city of Columbus and State of Ohio, the individual partners thereof being unknown to your orators."

"Meacham & Wright is a partnership doing business in the city of Columbus and State of Ohio, the individual partners thereof being Floras D. Meacham and Frank S. Wright."

"Sosman & Landis is a partnership of Chicago, Illinois, doing business in the State of Ohio, the names of the individual partners thereof being unknown to your orators."

"Dundon & Bergin is a partnership doing business in the city of Columbus, State of Ohio, the individual partners thereof being Thomas J. Dundon and Matthew J. Bergin."

"H. C. Johnson & Company is a partnership doing business in the State of Ohio, the names of the individual partners thereof being unknown to your orators."

"Schoedinger, Fearn & Company is a partnership doing business in the State of Ohio, the individual partners thereof being F. O. Schoedinger, W. A. Fearn and J. R. Dickson."

"L. Hiltgartner & Sons is a partnership doing business in the city of Columbus, State of Ohio, the names of the individual partners thereof being unknown to your orators."

The nature of the case made by the bill is as follows:

By written agreement between Jones & Laughlins, Limited, and W. J. McClain, dated December 13, 1894, the former agreed, upon certain terms, to furnish structural steel for use in the erection of the Great Southern Hotel at Columbus, for the construction of which McClain had previously contracted with the Great Southern Fire Proof Hotel Company. Under the above contract Jones & Laughlins, Limited, shipped and furnished to McClain structural steel of the value of $43,296.74. All of that sum was paid by McClain except $11,410.02, which was due to the plaintiffs with interest from January 28, 1896.

On the 11th day of August, 1896, McClain executed a deed of assignment for the benefit of his creditors. And on the 21st day of April, 1896, within four months after the above mate-

rials were delivered to McClain, Jones & Laughlins, Limited, filed with the recorder of Franklin County, Ohio, an affidavit containing an itemized statement of the amount and value of such materials. The object of the filing was to conform to the provisions of sections 3184 (as amended April 13, 1894, 91 Ohio Laws, 135) and 3185 of the Revised Statutes of Ohio, both sections relating to mechanics' liens, and thereby obtain, in behalf of Jones & Laughlins, Limited, for the amount due them, a lien upon the hotel and the opera house connected with it, as well as upon the land on which they stood.

After stating that the defendants each claim to have some interest in the property in question as lienholders or otherwise, the exact nature and extent of which was unknown to the plaintiff, the relief asked was: 1. That the defendants be required to answer and fully set forth their respective interests in the property, and failing to do so that they be barred from asserting any claim thereto. 2. That a receiver be appointed to collect rents. 3. That the plaintiff's demand be declared a valid and subsisting lien on the property. 4. That all the liens be marshalled, the premises sold, and the proceeds distributed.

The Great Southern Fire Proof Hotel Company demurred generally to the bill as insufficient.

The defendants Sosman & Landis filed their answer and cross-bill, claiming a lien upon the property for a balance due under a contract made between them and McClain pursuant to which they furnished scenery, stage work and fixtures for the improvements contemplated by the contract between McClain and the Hotel Company. To that cross-bill a demurrer was also filed.

The cause was heard in the Circuit Court upon the demurrers, the only question argued being the constitutionality of the Ohio statute of April 13, 1894. That court sustained the demurrers and dismissed the bill and cross-bill upon the ground that the provisions of the mechanic's lien law of Ohio, under which the plaintiffs and cross-plaintiffs proceeded, were unconstitutional. 79 Fed. Rep. 477.

Upon appeal to the Circuit Court of Appeals the decree of

the Circuit Court was reversed — the former court holding that the statute of Ohio in question was not void. 58 U. S. App. 397. The Hotel Company then applied for and obtained this writ of certiorari.

The bill rests the jurisdiction of the Circuit Court upon the ground of the diverse citizenship of the parties. But was the case as presented by the record one of which the Circuit Court of the United States could take cognizance by reason of diversity of citizenship? When this question was suggested at the argument counsel responded that no objection had been urged to the jurisdiction of that court. But the failure of parties to urge objections of that character cannot relieve this court from the duty of ascertaining from the record whether the Circuit Court could properly take jurisdiction of this suit. In *Mansfield &c., Railway Co.* v. *Swan,* 111 U. S. 379, 382, the court, after observing that the jurisdiction of a Circuit Court fails, unless the necessary citizenship affirmatively appears in the pleadings or elsewhere in the record, *Grace* v. *American Central Insurance Co.,* 109 U. S. 278, 283; *Robertson* v. *Cease,* 97 U. S. 646, said: "The rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. This rule was adopted in *Capron* v. *Van Noorden,* 2 Cranch, 126, decided in 1804, where a judgment was reversed, on the application of the party against whom it had been rendered in the Circuit Court, for want of the allegation of his own citizenship, which he ought to have made to establish the jurisdiction which he invoked. This case was cited with approval by Chief

Justice Marshall in *Brown* v. *Keene,* 8 Pet. 112." These rules have been recognized and applied in numerous cases.[1]

We are of opinion that the plaintiff as a limited partnership association was not entitled to invoke the jurisdiction of the Circuit Court. It was not alleged to be, nor could it have alleged that it was, a corporation in virtue of the statute of Pennsylvania under which, according to the averments of the bill, it was organized. In *Lafayette Ins. Co.* v. *French,* 18 How. 404, 405, which was an action brought by citizens of Ohio in the Circuit Court of the United States for the District of Indiana, the declaration described the defendant as the "Lafayette Insurance Company, a citizen of the State of Indiana." This court said: "This averment is not sufficient to show jurisdiction. It does not appear from it that the Lafayette Insurance Company is a corporation; or if it be such, by the law of what State it was created. The averment that the company is a citizen of the State of Indiana can have no sensible meaning attached to it. This court does not hold that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a State within the meaning of the Constitution. And, therefore, if the defective averment in the declaration had not been otherwise supplied, the suit must have been dismissed." The case of *Chapman* v. *Barney,* 129 U. S. 677, 682, is decisive of the present question. That was an action in the Circuit Court of the United States by the United States Express Company. This court said: "On looking into the record we find no satisfactory showing as to the citizenship of the plaintiff. The allegation of the amended petition is, that the United States Express Company is a joint stock company organized under a law of the State of New York, and is a citizen

---

[1] *Hancock* v. *Holbrook,* 112 U. S. 229, 231; *Thayer* v. *Life Asso.,* 112 U. S. 717, 720; *Ayers* v. *Watson,* 113 U. S. 594, 598; *King Bridge Co.* v. *Otoe Co.,* 120 U. S. 225, 226; *Metcalf* v. *Watertown,* 128 U. S. 586, 587; *Morris* v. *Gilmer,* 129 U. S. 315, 325; *Chapman* v. *Barney,* 129 U. S. 677, 681; *Stevens* v. *Nichols,* 130 U. S. 230; *Graves* v. *Corbin,* 132 U. S. 571, 590; *Parker* v. *Ormsby,* 141 U. S. 81, 83; *Martin* v. *B. & O. R. R. Co.,* 151 U. S. 673, 689; *Mattingly* v. *N. W. Va. R. R. Co.,* 158 U. S. 53, 57; *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92, 98.

of that State. But the express company cannot be a *citizen* of New York, within the meaning of the statutes regulating jurisdiction, unless it be a corporation. The allegation that the company was *organized* under the laws of New York is not an allegation that it is a corporation. In fact, the allegation is, that the company is *not* a corporation, but a joint stock company—that is, a mere partnership. And although it may be authorized by the laws of the State of New York to bring suit in the name of its president, that fact cannot give the company power, by that name, to sue in a Federal court. The company may have been organized under the laws of the State of New York, and may be doing business in that State, and yet all the members of it may not be citizens of that State. The record does not show the citizenship of Barney or of any of the members of the company. They are not shown to be citizens of some State other than Illinois. *Grace* v. *American Central Ins. Co., supra,* and authorities there cited. For these reasons we are of opinion that the record does not show a case of which the Circuit Court could take jurisdiction."

The case of *Express Co.* v. *Kountze Bros.,* 8 Wall. 342, 351, to which attention is called by a supplementary brief, does not announce a different rule. The declaration in that case, singularly enough, described the defendant company as a "foreign corporation, formed under and created by the laws of the State of New York." Looking at the allegations of the pleadings, and there being no evidence to the contrary, this court held that the averment as to the citizenship of the defendant was sufficient, observing: "It is alleged that the United States Express Company, the defendant in the suit, is a foreign corporation formed under and created by the laws of the State of New York. The obvious meaning of this allegation is that the defendant is a citizen of the State of New York."

It has been suggested that the plaintiffs are entitled to sue, and may be sued, by their association name. 1 Brightly's Purdon's Digest, Pa. (12th ed.), 1088, Title Joint Stock Companies, § 16. But the capacity to sue and be sued by the name of the association does not make the plaintiffs a corporation within the rule that a suit by or against a corporation in its cor-

porate name in a court of the United States is conclusively presumed to be one by or against citizens of the State creating the corporation. *Louisville, Cincinnati & Charleston Railroad Co.* v. *Letson*, 2 How. 497; *Ohio & Miss. R. R. Co.* v. *Wheeler*, 1 Black, 286; *Steamship Co.* v. *Tugman*, 106 U. S. 118, 120. The rule that for purposes of jurisdiction and within the meaning of the clause of the Constitution extending the judicial powers of the United States to controversies between citizens of different States, a corporation was to be deemed a citizen of the State creating it, has been so long recognized and applied that it is not now to be questioned. No such rule however has been applied to partnership associations although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a Circuit Court of the United States as resting on the diverse citizenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association.

Nor can we accede to the suggestion that this question of jurisdiction is affected by the clause of the Constitution of Pennsylvania providing that the term "corporations," as used in article XVI of that instrument, "shall be construed to include all joint stock companies or associations having any of the powers or privileges of corporations not possessed by individuals or partnerships." Const. Pa. art. XVI, § 13. The only effect of that clause is to place the joint stock companies or associations referred to under the restrictions imposed by that article upon corporations; and not to invest them with all the attributes of corporations.

We have not been referred to any case in the Supreme Court of Pennsylvania which distinctly places limited partnership associations, created under the statutes of that State, on the basis of corporations. "Such an association," that court said in *Coal Co.* v. *Rogers*, 108 Penn. St. 147, 150, "is not technically a corporation, yet it has many of the characteristics of one," and "it may not be improper to call such an association a *quasi* corporation." In *Hill* v. *Stetler*, 127 Penn. St. 145, 161, referring to the act of June 2, 1874, the court said that it provided for the

creation of "a new artificial person to be called a joint stock association, having some of the characteristics of a partnership and some of a corporation."

In *Carter* v. *Producers' Oil Co., Ltd.*, 182 Penn. St. 551, 573, 574, which involved the validity of a rule adopted by a limited partnership association organized under the Pennsylvania statute of June 2, 1874, and its supplements, and which rule prohibited any person who acquired the capital stock of a member from exercising the privileges of a member, unless he was elected as such, the court said : "We cannot assent to the plaintiff's claim that the defendant company is a corporation and restricted, in the adoption of by-laws, rules and regulations for its government, to such as it is within the power of the latter to prescribe. It may be conceded that the defendant company has some of the qualities of a corporation, but it is, nevertheless, a partnership association, governed by the statutes and articles under which it was organized, and the rules and regulations it may prescribe in execution of the power with which the statutes have invested it."

That a limited partnership association created under the Pennsylvania statute may be described as a "*quasi* corporation," having some of the characteristics of a corporation, or as a "new artificial person," is not a sufficient reason for regarding it as a corporation within the jurisdictional rule heretofore adverted to. That rule must not be extended. We are unwilling to extend it so as to embrace partnership associations.

We have not overlooked the case of *Andrews Bros. Co.* v. *Youngstown Coke Co.*, 58 U. S. App. 444, in which the Circuit Court of Appeals for the Sixth Circuit, speaking by Judge Lurton, held that limited partnership associations organized under the Pennsylvania statute were corporations within the jurisdictional requirement of diverse citizenship. For the reasons stated, we are unable to concur in the view taken by that court.

We therefore adjudge that as the bill does not make a case arising under the Constitution and laws of the United States, it was necessary to set out the citizenship of the individual members of the partnership association of Jones & Laughlins, Limited, which brought this suit.

Another question as to jurisdiction arises on the record. The citizenship of the members of the several partnerships that are named as defendants does not appear from the pleadings or otherwise. An allegation as to the State in which those firms were doing business is not sufficient to show the citizenship of the individual partners. The relief sought is the marshalling of all the lien debts on the hotel and the opera house of the Great Southern Fire Proof Hotel Company, the sale of the property, and the distribution of the proceeds among the parties according to their respective rights. As no allusion was made to this matter at the argument before us, we do not now express any opinion upon the question whether the citizenship of the individuals composing the defendant partnerships doing business in Ohio is material to the jurisdiction of the Circuit Court. We leave that to be determined by the court below, if an application be made to amend the pleadings as to the citizenship of the parties.

Without considering the merits of the case, we are constrained to reverse the judgments of the Circuit Court of Appeals and of the Circuit Court, and remand the cause for further proceedings consistent with this opinion. Under the circumstances, the plaintiffs should be allowed, upon application, to amend the bill upon the subject of the citizenship of the parties. If the amendment shows a case within the jurisdiction of the Circuit Court, the parties should be permitted to proceed to a final hearing ; otherwise, the bill should be dismissed at the plaintiffs' costs without prejudice to another suit in a court of competent jurisdiction.

*Reversed.*