# RUSSELL & COMPANY, S. en C., Plff.,

## *v.*

# OSVALDO GOICO AND RAMÓN G. GOICO, Dfts.

San Juan, Equity, No. 1065.

REMOVAL OF CAUSE.

Removal—Recognition.

1. When a suit has been removed to the Federal court it is not material whether the local court recognizes the removal or not.

Injunction of Local Court—Removal.

2. Where a cause has been removed from the local court, Revised Statutes, § 720, forbidding injunctions, does not apply.

Equity—Adequate Remedy at Law.

3. That there may be certiorari to bring up papers does not prevent the jurisdiction of a suit in equity.

Dismissal—Immaterial Defects.

4. The Federal test of jurisdiction in partnership is the citizenship of the individual partners, not of the firm as such. Affidavits and bonds may be made by local agents.

Opinion filed August 23, 1920.

*Mr. Frazer* for plaintiff.

*Mr. Poventud* for defendants.

HAMILTON, Judge, delivered the following opinion:

There was a suit filed by the defendants in the local court at

Ponce in ejectment, and subsequently, on August 3d, the record on removal was filed in this court, followed by a translation.

On the same day that the record was removed to this court a separate bill of complaint was filed in the equity case at bar, seeking to enjoin the defendants from prosecuting their local law suit. A motion to dismiss was also filed in the present equity suit on August 3d, alleging several grounds for dismissal.

1. The main suit to which the present is ancillary is in this court by removal and jurisdiction has accordingly attached. Whether the local court recognizes the removal or not is not material. Foster, Fed. Pr. 5th ed. §§ 548, 554, 589.

2. Revised Stat. § 720, Comp. Stat. § 1242, forbids an injunction to stay proceedings in a local court except in bankruptcy matters, but this does not apply to an injunction in aid of jurisdiction already acquired. It is not material who tries to interfere with the jurisdiction of the Federal court by some other proceeding. His hand will be stayed and he will be compelled to seek any remedy, which surely will not be denied in a proper case, in the Federal court. There is therefore no injustice done in any way. Madisonville Traction Co. v. St. Bernard Min. Co. 196 U. S. 239, 49 L. ed. 462, 25 Sup. Ct. Rep. 251.

3. The plaintiff has not under the circumstances of this case any adequate or complete remedy at law. Certiorari exists to bring up papers, but there is no need to bring up papers when a bill is filed in equity. The equity proceeding is much more adequate and complete.

4. Several alleged defects are mentioned in the motion, but at most they are amendable and would not justify a dismissal. Under the local law it may well be that the plaintiff partnership

Russell & Co. v. Goico.

is for some purposes a legal unit, capable of suing and being sued. This, however, is not the test in the Federal court, whose procedure in such matters cannot be affected by local rules. The Federal test is the citizenship of the individual partners. Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 44 L. ed. 842, 20 Sup. Ct. Rep. 690. If this was not shown to exist at the time of commencement of the suit, no reason appears why the fact cannot be added, as has been done in this case, by amendment. The Act of March 3, 1915, directly authorizes such amendment, and it would seem that the suit shall thereafter proceed the same as though diverse citizenship had been pleaded at its inception. That the removal petition alleges diverse citizenship on information and belief is not fatal. Porto Rico is a long way from the continent of the United States, and if a local agent is not to allege upon information and belief, a partnership like the plaintiff's will be at a serious disadvantage, and sometimes will be deprived of proper remedy. No reason appears to hold this. The same applies to the execution of a removal bond by the agent. Such bonds would be enforced in the court where they are given, and this court would consider the plaintiffs estopped by the act of the agent, even if there were any legal doubt as to the validity of the bond.

Upon the whole, therefore, the reasons alleged for dismissal do not seem to be well taken.

It is so ordered.