**A. D. S. DEVELOPERS, INC.**

v.

**Gerald J. TUCKER, Edward A. Sobin, Henry Canon Caron, Selma Frank, Individually and trading as Tower Apartments Associates.**

Civ. A. No. 41302.

United States District Court
E. D. Pennsylvania.

Feb. 17, 1967.

Kenneth M. Cushman, Cushman & Obert, Philadelphia, Pa., for plaintiff.

Maurice M. Green, Media, Pa., for defendants.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Plaintiff, a Pennsylvania corporation, sued the individual defendants "individually and trading as 'Tower Apartments Associates'." The complaint alleges that all of the individual defendants are partners and are citizens of the State of New York. The partnership is registered in

Pennsylvania, and according to the registration certificate, which is attached to the defendants' motion to dismiss, its principal place of business is at 204 South 13th Street, Philadelphia. Defendants have moved to dismiss on the ground that the registration of the partnership and the location of the principal place of business in Pennsylvania destroys diversity jurisdiction. We do not agree.

 At least since Great Southern Fireproof Hotel Company v. Jones, et al., 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900), courts "must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association." 177 U.S. at p. 456, 20 S.Ct. at p. 693.

In the *Great Southern* case it was held that a limited partnership association created under Pennsylvania laws, even though called a *quasi* corporation and declared to be a citizen of Pennsylvania by state statute, could not be so considered for federal diversity purposes and that the determinative factor was the citizenship of the individual members.

The validity of this rule is in no way diminished by the fact that a partnership may be sued as a jural entity. In Underwood v. Maloney, 256 F.2d 334 (C.A.3, 1958), the law of Pennsylvania permitted labor unions to sue or be sued as entities. Nevertheless, the court held, at page 341:

"＊ ＊ ＊ For purposes of diversity jurisdiction the citizenships of the members of the respective unincorporated associations involved in the cases at bar have to be shown to be diverse. ＊ ＊ ＊"

See also Colonial Realty Corporation v. Basche & Co., 358 F.2d 178 (C.A.2, 1966).

Statutes or procedural rules permitting an unincorporated association to be sued as an entity "deal only with identification of the party in suits involving unincorporated associations. They do not affect diversity requirements. Underwood v. Maloney, [3 Cir.,] supra, [256 F.2d 334,] at 337–338;" International Union, U. A., A. & A. I. Wkrs. v. Piasecki Air Corp., 241 F.Supp. 385, at p. 390 (Del.1965).

Since the requisite diversity exists from the face of the complaint, the motion to dismiss is denied.

It is so ordered.