**ENVIRO–GRO TECHNOLOGIES**

v.

**GREELEY & HANSEN.**

**Civ. A. No. 92–3966.**

United States District Court,
E.D. Pennsylvania.

July 14, 1992.

Seymour I. Toll, Toll, Ebby, Langer & Marvin, Philadelphia, Pa., for plaintiff.

H. Robert Fiebach, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for defendant.

MEMORANDUM

BARTLE, District Judge.

This action involves claims of misappropriation of trade secrets, breach of contract, and unfair competition under state law.

Plaintiff, a Maryland corporation with its principal place of business in that state, instituted suit in the Court of Common Pleas of Philadelphia County, where plaintiff obtained a temporary restraining order against the defendant, a general partnership. Thereafter, defendant timely removed the case to this Court on the basis of diversity of citizenship and the requisite monetary amount, pursuant to 28 U.S.C. § 1332(a)(1).[1] Before the Court is plaintiff's motion to remand to the state court under 28 U.S.C. § 1447(c).[2]

The parties concede that the defendant partnership has a branch office in Philadelphia County, Pennsylvania and that at least one of its partners is a citizen of the Commonwealth.

■ It is well settled that the citizenship of a general partnership under 28 U.S.C. § 1332 is to be determined by the citizenship of all of its members, that is, its partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900). A partnership, therefore, is deemed a citizen of every state in which any of its partners is a citizen. Here, since at least one of the partners is a Pennsylvanian, the defendant, for purposes of diversity jurisdiction, is a citizen of Pennsylvania.

■ While plaintiff could have instituted this action originally in this Court since none of the defendant's partners is a Maryland citizen, it does not follow that such a case may be removed to this Court. The generally acknowledged rationale for diversity jurisdiction is to protect the out-of-state party from any biases of the home party's local tribunal. *Burgess v. Seligman*, 107 U.S. 20, 34, 2 S.Ct. 10, 22, 27 L.Ed. 359 (1883). That concern disappears where the out-of-state party voluntarily chooses to sue in the state court of the defendant's home state. To this end, Congress has limited the right of a defendant to remove an action when the out-of-state plaintiff has chosen to litigate in the courts of the state where the defendant is a citizen.

28 U.S.C. § 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.* [Emphasis added]

In this case, which does not involve any federal claims, the plaintiff properly sued and served the partnership in its own name, and not the individual partners, as permitted under Rules 2128(a) and 423 of the Pennsylvania Rules of Civil Procedure.[3]

---

1. 28 U.S.C. § 1332(a)(1) provides:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;

2. 28 U.S.C. § 1447(c) provides in relevant part:
   A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal....

3. Rule 2128(a) provides:
   An action against a partnership may be prosecuted against one or more partners as individuals trading as the partnership in the manner designated by Rule 2127(a), or against the partnership in its firm name.
   Rule 423 provides:
   Service of original process upon a partnership and all partners named in the action or upon an unincorporated association shall be made

**560**

Defendant argues that removal is proper under these circumstances since none of the individual partners who are Pennsylvania citizens was "properly joined and served." 28 U.S.C. § 1441(b). It contends that as a partnership it has no citizenship. Defendant concedes, however, that if plaintiff had opted to sue and serve one or more Pennsylvania partners trading as Greeley & Hansen, as also permitted under the Pennsylvania Rules, it could not have removed the case to this Court.

Defendant's argument in support of removal is without merit. Congress prohibited removal where a defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The defendant partnership, for purposes of diversity jurisdiction, has the citizenship of each of its partners. Joinder of and service on the partnership, under 28 U.S.C. § 1441(b), is the same as joinder of and service on its partners, including the partner or partners who are citizens of Pennsylvania. Otherwise, a plaintiff, who uses the streamlined means of suing and serving a partnership in its own name rather than the more cumbersome mode of suing and serving all the individual partners, would face the loss of its choice of forum. Surely, Congress did not intend this anomalous result. Moreover, removal statutes are to be strictly construed against removal. See *Shamrock Oil & Gas Corp. v. Sheets, et al.*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Congress, under § 1441(b), sought to limit the right of removal where an in-state defendant is a party even though diversity of citizenship exists. Defendant's position would undermine this clear legislative policy.

Here, the defendant partnership, properly joined and served, is a Pennsylvania citizen because it has at least one partner who is a Pennsylvania citizen. Only state law claims are alleged. Congress prohibit-

ed removal of this type of action under 28 U.S.C. § 1441(b). Accordingly, plaintiff's motion to remand this case to the Court of Common Pleas of Philadelphia County will be granted.

---

upon any of the following persons provided the person served is not a plaintiff in the action:
(1) any partner, officer or registered agent of the partnership or association, or
(2) an agent authorized by the partnership or association in writing to receive service of process for it, or

(3) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the partnership or association.