**Jarek MOLSKI, Plaintiff–Appellee,**

v.

**LEVON INVESTMENTS, LLC,
Defendant–Appellant,**

and

**Central Plaza Union 76, Defendant.**

No. 05–56793.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 10, 2007.

Thomas J. Vandeveld, III, Esq., Bonita, CA, for Plaintiff–Appellee.

Stephen Thomas Erb, Esq., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and GOULD, Circuit Judges, and DUFFY *, District Judge.

MEMORANDUM **

Levon Investments, LLC appeals the district court's denial of Levon's motion for attorneys' fees and costs after the district court dismissed for lack of standing Jarek Molski's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* " 'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of

the court from which the record comes.' " *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Great S. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900)).

The district court dismissed Molski's federal ADA claim for lack of Article III standing. Since the district court lacked jurisdiction over the underlying case or controversy from the outset, it also lacked jurisdiction to consider Levon's motion for attorneys' fees under the ADA's fee-shifting provision. *See Branson v. Nott,* 62 F.3d 287, 292–93 (9th Cir.1995); *In re Knight,* 207 F.3d 1115, 1117 (9th Cir.2000).

Ordinarily, the appropriate response to a motion for attorneys' fees under such circumstances is dismissal. *See Steel Co.,* 523 U.S. at 94, 118 S.Ct. 1003. However, Levon also moved for costs under 28 U.S.C. § 1919 and for fees as a sanction pursuant to Federal Rule of Civil Procedure 11. A district court's lack of jurisdiction over an action, even at its outset, does not strip it of the power to award costs under § 1919 or to impose Rule 11 sanctions. *See Branson,* 62 F.3d at 293 & n. 10; *In re Knight,* 207 F.3d at 1117. There was no abuse of discretion in the court's denial of costs. *See Sea Coast Foods, Inc. v. Lu–Mar Lobster & Shrimp, Inc.,* 260 F.3d 1054, 1058 (9th Cir.2001). Levon does not appeal the denial of sanctions.

That portion of the district court's order which reflected a denial of Levon's motion for costs and for fees as Rule 11 sanctions is affirmed. To the extent that the order ruled on the request for attorneys' fees under 42 U.S.C. § 12205, however, the order is vacated and the case remanded with

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

instruction to the district court to dismiss for lack of jurisdiction.

AFFIRMED in part, VACATED in part, and REMANDED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.