**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FADAL MACHINING CENTERS, LLC, | No. 10-56494 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:09-cv-09019-CAS-E |
| MAG INDUSTRIAL AUTOMATION SYSTEMS, LLC, | ORDER[*] |
| Counter-defendant - Appellant, | |
| v. | |
| MID-ATLANTIC CNC, INC., | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 7, 2011[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON and PAEZ, Circuit Judges, and CONLON, District Judge.[***]

Fadal Machining Centers, LLC ("Fadal") and MAG Industrial Automation Systems, LLC ("MAG") appeal from the district court's judgment dismissing the action because all claims are subject to arbitration. We are obligated to consider *sua sponte* whether we have subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). Because Appellants cannot establish diversity between the parties, we dismiss the appeal, vacate the district court's judgment, and remand for dismissal.

In response to this court's order to submit supplemental briefs addressing the citizenship of the parties,[1] Appellants admitted that a Delaware limited liability company called SP MAG Holdings, LLC owns 10% of MAG.[2] SP MAG Holdings has six members, including a Delaware limited partnership called Silver Point Capital Fund, LP and a Delaware limited liability company called SPCP Group III,

---

[***]   The Honorable Suzanne B. Conlon, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

[1]Because Appellants' supplemental brief contained all of the additional facts necessary to establish the complete citizenship of the parties, it is not necessary to take judicial notice of any further facts or cases. Appellees' December 2, 2012 motion to take judicial notice is therefore denied.

[2]Both Fadal and MAG are part of the same structure of tiered limited liability companies. Fadal is a limited liability company whose sole member is G&L USA, LLC; MAG Industrial Automation Systems, LLC is the sole member of G&L USA.

LLC. Robert J. O'Shea, a citizen of New Jersey, is a member of both SPCP Group III and Silver Point Capital Fund. Appellee Mid-Atlantic CNC, Inc. is a New Jersey corporation.

For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all states where its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Appellants urge that "SP MAG Holdings, LLC's Membership Interest should be disregarded for purposes of determining citizenship," because the company holds "only a severely fractionalized interest with no control over the day-to-day operations" of MAG. Appellants emphasize the fact that SP MAG Holdings' 10% minority interest is limited to "Class B membership," which does not entitle SP MAG Holdings to "vote on or otherwise dictate" the operations of the company.

Because SP MAG Holdings is a member of MAG Industrial Automation Systems, the character of its membership interest is irrelevant to the determination of its citizenship. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."); *see also Johnson*, 437 F.3d at 899 ("[A]n unincorporated association . . . has the citizenships of *all* of its members.")

(emphasis added). Scant though Mr. O'Shea's interest in the Appellants may be, the rules governing subject matter jurisdiction are "inflexible and without exception." *Carden*, 494 U.S. at 195 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). We therefore conclude that both Fadal and MAG are citizens of New Jersey and that complete diversity of citizenship did not exist when the complaint was filed.

In the absence of diversity of citizenship of the parties, the district court did not have subject matter jurisdiction and should have dismissed the action. We therefore dismiss the appeal, and remand to the district court with instructions to vacate the judgment and orders and dismiss the case for lack of jurisdiction. Appellee Mid-Atlantic shall recover its costs on appeal.

**APPEAL DISMISSED and REMANDED.**

The filing of this Order shall serve as the court's mandate.