**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TOMAS MAYNAS CARIJANO; ROXANA
GARCIA DAHUA, a minor, by her
guardian Rosario Dahua Hualinga;
ROSARIO DAHUA HUALINGA,
personally and on behalf of her
minor child Roxana Garcia Dahua;
NILDA GARCIA SANDI, a minor, by
her guardian Rosalbina Hualinga
Sandi; ROSALBINA HUALINGA SANDI,
personally and on behalf of her
minor child Nilda Garcia Sandi;
ELENA MAYNAS MOZAMBITE, a
minor, by her guardian Gerardo
Maynas Hualinga; GERARDO
MAYNAS HUALINGA, personally and
on behalf of his minor child Elena
Maynas Mozambite; ALAN
CARIAJANO SANDI, a minor, by his
guardian Pedro Sandi; PEDRO
SANDI WASHINGTON, personally and
on behalf of his minor child Alan
Cariajano Sandi; ELISA HUALINGA
MAYNAS, a minor, by her
guardians Daniel Hualinga Sandi
and Andrea Maynas Cariajano;
DANIEL HUALINGA SANDI,
personally and on behalf of his
minor child Elisa Hualinga
Maynas; ANDREA MAYNAS
CARIAJANO, personally and on
behalf of her minor child Elisa

No. 08-56187

D.C. No.
2:07-cv-05068-PSG-
PJW

5999

Hualinga Maynas; CERILO HUALINGA HUALINGA, a minor, by his guardians Roman Hualinga Sandi and Rosa Hualinga; ROMAN HUALINGA SANDI, personally and on behalf of his minor child Cerilo Hualinga Hualinga; ROSA HUALINGA, personally and on behalf of her minor child Cerilo Hualinga Hualinga; RODOLFO MAYNAS SUAREZ, a minor, by his guardians Horacio Maynas Cariajano and Delmencia Suarez Diaz; HORACIO MAYNAS CARIAJANO, personally and on behalf of his minor child Rodolfo Maynas Suarez; DELMENCIA SUAREZ DIAZ, personally and on behalf of her minor child Rodolfo Maynas Suarez; KATIA HUALINGA SALAS, a minor, by her guardians Alejandro Hualinga Chuje and Linda Salas Pisongo; ALEJANDRO HUALINGA CHUJE, personally and on behalf of his minor child Katia Hualinga Salas; LINDA SALAS PISONGO, personally and on behalf of her minor child Katia Hualinga Salas; FRANCISCO PANAIGO PAIMA, a minor, by his guardians Milton Panaigo Diaz and Anita Paima Cariajano; MILTON PANAIGO DIAZ, personally and on behalf of his

minor child Francisco Panaigo Paima; ANITA PAIMA CARIAJANO, personally and on behalf of her minor child Francisco Paniago Paima; ADOLFINA GARCIA SANDI, personally and on behalf of her deceased minor child Olivio Salas Garcia; AMAZON WATCH, INC., a Montana corporation,

*Plaintiffs-Appellants,*

v.

OCCIDENTAL PETROLEUM CORPORATION, a Delaware Corporation; OCCIDENTAL PERUANA, INC., a California Corporation,

*Defendants-Appellees.*

TOMAS MAYNAS CARIJANO; ROXANA
GARCIA DAHUA, a minor, by her
guardian Rosario Dahua Hualinga;
ROSARIO DAHUA HUALINGA,
personally and on behalf of her
minor child Roxana Garcia Dahua;
NILDA GARCIA SANDI, a minor, by
her guardian Rosalbina Hualinga
Sandi; ROSALBINA HUALINGA SANDI,
personally and on behalf of her
minor child Nilda Garcia Sandi;
ELENA MAYNAS MOZAMBITE, a
minor, by her guardian Gerardo
Maynas Hualinga; GERARDO
MAYNAS HUALINGA, personally and
on behalf of his minor child Elena
Maynas Mozambite; ALAN
CARIAJANO SANDI, a minor, by his
guardian Pedro Sandi; PEDRO
SANDI WASHINGTON, personally and
on behalf of his minor child Alan
Cariajano Sandi; ELISA HUALINGA
MAYNAS, a minor, by her
guardians Daniel Hualinga Sandi
and Andrea Maynas Cariajano;
DANIEL HUALINGA SANDI,
personally and on behalf of his
minor child Elisa Hualinga
Maynas; ANDREA MAYNAS
CARIAJANO, personally and on
behalf of her minor child Elisa

No. 08-56270

D.C. No.
2:07-cv-05068-PSG-
PJW

ORDER

Hualinga Maynas; CERILO HUALINGA HUALINGA, a minor, by his guardians Roman Hualinga Sandi and Rosa Hualinga; ROMAN HUALINGA SANDI, personally and on behalf of his minor child Cerilo Hualinga Hualinga; ROSA HUALINGA, personally and on behalf of her minor child Cerilo Hualinga Hualinga; RODOLFO MAYNAS SUAREZ, a minor, by his guardians Horacio Maynas Cariajano and Delmencia Suarez Diaz; HORACIO MAYNAS CARIAJANO, personally and on behalf of his minor child Rodolfo Maynas Suarez; DELMENCIA SUAREZ DIAZ, personally and on behalf of her minor child Rodolfo Maynas Suarez; KATIA HUALINGA SALAS, a minor, by her guardians Alejandro Hualinga Chuje and Linda Salas Pisongo; ALEJANDRO HUALINGA CHUJE, personally and on behalf of his minor child Katia Hualinga Salas; LINDA SALAS PISONGO, personally and on behalf of her minor child Katia Hualinga Salas; FRANCISCO PANAIGO PAIMA, a minor, by his guardians Milton Panaigo Diaz and Anita Paima Cariajano; MILTON PANAIGO DIAZ, personally and on behalf of his

minor child Francisco Panaigo
Paima; ANITA PAIMA CARIAJANO,
personally and on behalf of her
minor child Francisco Paniago
Paima; ADOLFINA GARCIA SANDI,
personally and on behalf of her
deceased minor child Olivio Salas
Garcia; AMAZON WATCH, INC., a
Montana corporation,
            *Plaintiffs-Appellees,*

                  v.

OCCIDENTAL PETROLEUM
CORPORATION, a Delaware
Corporation; OCCIDENTAL PERUANA,
INC., a California Corporation,
            *Defendants-Appellants.*

Filed May 31, 2012

Before: Mary M. Schroeder, Kim McLane Wardlaw, and
Ronald M. Gould, Circuit Judges.

Order;
Dissent by Chief Judge Kozinski;
Concurrence by Judge Wardlaw

## **ORDER**

The panel unanimously voted to deny the petition for panel rehearing. Judges Wardlaw and Gould also voted to deny the petition for rehearing en banc and Judge Schroeder so recommended.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35. Judge Bea was recused.

The petition for rehearing en banc is DENIED

---

Chief Judge KOZINSKI, with whom Judges O'SCANNLAIN, CALLAHAN, IKUTA and N.R. SMITH join, dissenting:

For nearly 150 years, the Supreme Court has consistently and repeatedly held that, " '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). It is therefore hornbook law that, " '[o]n every . . . appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is *bound* to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' " *Id.* (quoting *Great S. Fire Proof Hotel Co.* v. *Jones*, 177 U.S. 449, 453 (1900)) (emphasis added).

Tossing this instruction aside, the majority refuses to address Defendants' claim that Amazon Watch lacks Article III standing—"a threshold matter central to our subject matter jurisdiction." *Bates* v. *United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc). Instead, the majority "assume[s] that Amazon Watch has standing for the purposes of [conducting] the *forum non conveniens* analysis." *Carijano* v. *Occidental Petroleum Corp.*, 643 F.3d 1216, 1228 (9th Cir.

2011). Then, assigning great weight to Amazon Watch's status as a domestic plaintiff, the majority lets the entire case stay in federal court. *Id.* at 1234. On remand, Amazon Watch might be dismissed for lack of standing, but the rest of the case may proceed to the merits. *Id.* at 1236-37.

If this sounds familiar, that's because it is. Until the Supreme Court put a stop to it, "[t]he Ninth Circuit . . . denominated this practice—which it characterize[d] as 'assuming' jurisdiction for the purpose of deciding the merits —the 'doctrine of hypothetical jurisdiction.' " *Steel Co.*, 523 U.S. at 94 (citing *United States* v. *Troescher*, 99 F.3d 933, 934 n.1 (9th Cir. 1996)). The Supreme Court "decline[d] to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Id.*; *see also id.* at 95 ("Just last Term, we restated this principle in the clearest fashion, unanimously setting aside the Ninth Circuit's merits decision in a case that had lost the elements of a justiciable controversy . . . .").

In support of its resurrection of "hypothetical jurisdiction," the majority points to the Supreme Court's statement in *Sinochem International Co.* v. *Malaysia International Shipping Corp.*, 549 U.S. 422, 425 (2007), that "a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection." *See Carijano*, 643 F.3d at 1227. The majority cherry-picks this language from *Sinochem*'s opening paragraph and turns a blind eye to the rest of the opinion, including the immediately subsequent sentence. Here's the Court's holding, as it appears in full:

> We hold that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the

> cause (subject-matter jurisdiction) or personal jurisdiction over the defendant *if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case*.

*Sinochem Int'l Co.*, 549 U.S. at 425 (emphasis added).

As we've previously recognized, "[i]n *Sinochem*, the Supreme Court offered the lower courts a practical mechanism for resolving a case that *would ultimately be dismissed*." *Provincial Gov't of Marinduque* v. *Placer Dome, Inc.*, 582 F.3d 1083, 1088 (9th Cir. 2009) (emphasis added). The Court left intact our "independent obligation to examine our own and the district court's jurisdiction." *Id.* at 1087 (internal quotation marks omitted). Indeed, it reaffirmed that "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co.*, 549 U.S. at 431 (internal quotation marks omitted). Consistent with this longstanding rule, the Court held that we have "leeway to choose among threshold grounds for denying audience to a case on the merits," because "[d]ismissal short of reaching the merits means that the court will not proceed at all to an adjudication of the cause." *Id.* (internal quotation marks and citations omitted).

Even when *dismissing* a case, our leeway to choose among threshold grounds is limited. The Court explained in *Sinochem* that, "[i]n the mine run of cases, jurisdiction will involve no arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum should impel the federal court to dispose of [those] issue[s] first." *Sinochem*, 549 U.S. at 436 (internal quotation marks omitted) (alteration in original). We may skip over jurisdiction only "where [it] is difficult to determine, and *forum non conveniens* considerations weigh heavily *in favor of dismissal* . . . ." *Id.* (emphasis added). In other words, *Sinochem* was the exception to the rule: Because it was "a text-

book case for immediate *forum non conveniens* dismissal," the Court found it unnecessary to decide jurisdiction. *Id.* at 435. Here, by contrast, the majority believes the *forum non conveniens* factors weigh so heavily *against dismissal* that it reverses for abuse of discretion. *See Carijano*, 643 F.3d at 1234. Under these circumstances, *Sinochem* compels us to address jurisdiction first.

The majority also "believe[s] that it would be improper for us to rule on the [standing] issue before any consideration by the district court, which 'is in the best position to resolve [it] in the first instance.' " *Id.* at 1228 (quoting *Ibrahim* v. *DHS*, 538 F.3d 1250, 1256 n.9 (9th Cir. 2008)). But, as explained above, " '[o]n every . . . appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.' " *Steel Co.*, 523 U.S. at 94 (quoting *Great S. Fire Proof Hotel Co.*, 177 U.S. at 453). We may remand jurisdictional questions only when we would not, by doing so, allow the case to "proceed at all in any cause." *Id.* (quoting *Ex parte McCardle*, 74 U.S. at 514). In *Ibrahim*, on which the majority relies, we reversed the district court's dismissal for lack of statutory jurisdiction, then remanded as to the unrelated jurisdictional issue of Article III standing. *Ibrahim*, 538 F.3d at 1256 & n.9. We didn't, as my colleagues do here, assume standing for the purpose of deciding a non-jurisdictional issue, thereby allowing the case to proceed.

If the majority really wants to give the district court first bite at the jurisdictional apple, it can simply remand for the district court to consider that issue, without making any other ruling in the case. By *assuming* jurisdiction instead, the panel gives itself license to write a precedential opinion on a difficult *forum non conveniens* question, based on the hypothesis that Amazon Watch has standing and its interests can be weighed in the *forum non* analysis. Federal courts have no authority to opine on other issues when their jurisdiction has been seriously called into question; their obligation is to

remain silent on those other issues until the jurisdictional question has been put to rest. That the district court may eventually dismiss Amazon Watch for lack of standing will not undo the precedent written by the panel based on its incorrect assumption that Amazon Watch has standing.

\* \* \*

Jurisdiction is the power to speak; in its absence, we must remain silent. Perforce, we must first make sure we have jurisdiction before speaking at all in any matter. The Supreme Court has carved out a narrow exception to this rule, which applies only as an alternative way to *stop* speaking. By allowing the case to go forward, once our jurisdiction has been called into question, the majority puts us at odds with what is perhaps the most fundamental principle of federal jurisdiction. Our court commits a serious error by failing to take the case en banc to correct the panel's boot-strap overreach.

---

WARDLAW, Circuit Judge, with whom SCHROEDER and GOULD, Circuit Judges join, concurring in denial of rehearing en banc:

Whoa!!! The Chief has put the proverbial cart before the horse. The district court did not touch upon the merits of the claims alleged in the complaint in any manner whatsover, and neither did our panel's disposition. Nor did we or the district court invoke the doctrine of "hypothetical jurisdiction" in an effort to reach the merits, quite contrary to the dissent's assertion. Rather, based on the record before the district court, the panel concluded only that the district court abused its discretion when it dismissed this action under the *forum non conveniens* doctrine. This was, by definition, "a non-merits ground for dismissal." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (internal quotation marks omitted). Occidental is free, on remand, to renew its motion

to dismiss on the ground that Amazon Watch may not have standing to assert its claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., and, should the district court dismiss Amazon Watch, Occidental may once again seek to dismiss the case on *forum non conveniens* grounds.

The question of standing cannot be resolved on the bare pleadings, which is all we have before us given the procedural posture of this appeal. And whether the district court has jurisdiction will necessarily require some factual development as to whether and how alleged misrepresentations and other conduct by Occidental during its Peruvian operations harmed and continue to harm Amazon Watch. *See Ibrahim v. Dep't of Homeland Sec*., 538 F.3d 1250, 1256 n.9 (9th Cir. 2008). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Here, Occidental disputes the existence, the cause and the redressability of the harm alleged by Amazon Watch. Resolving these issues will require factual development on a number of fronts. For example, to show harm, Amazon Watch may produce evidence of the manner in which Occidental's conduct forced it to divert resources from its central mission of protecting the rainforest and advancing the rights of the indigenous people of the Amazon. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-24 (2011) (requiring economic harm to prove UCL standing). To show causation, Amazon Watch may also produce evidence linking Occidental's alleged deceptive practices to Amazon Watch's diminished ability to carry out its mission. *See id.* at 326 (affirming that fraud or reliance is a causal mechanism recognized under the UCL). Further, Amazon Watch may prove a continuing injury, which may be redressed through, for example, injunctive relief compelling Occidental to research and remediate environmental harms or to conduct outreach and education about health risks with the

indigenous people. *See id.* at 336-37 (standing under the UCL is not dependent on the availability of restitution as a remedy).

The district court did not address standing, and we need not —indeed, could not—do so in the first instance here. The district court did not do so because the Supreme Court has explained that a "district court has discretion to respond at once to a defendant's *forum non conveniens* pleas, and need not take up first any other threshold objection," including jurisdiction. *Sinochem*, 548 U.S. at 425. That is precisely what happened here. The district court granted defendants' motion to dismiss on *forum non conveniens* grounds without ruling on the merits of the concurrent motion to dismiss for lack of standing. Applying the *forum non conveniens* test of *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), we reversed and remanded the case to the district court to consider the issue of standing in the first instance. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1236-37 (9th Cir. 2011).

The dissent from denial of rehearing en banc cries foul, citing the general rule that federal courts must *sua sponte* evaluate their own jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Chief Judge Kozinski asserts that we have "[t]oss[ed] this instruction aside" in our *forum non conveniens* analysis. But it was the Supreme Court that created this exception to our ordinary practice of addressing jurisdictional issues before we reach the merits of a claim, and it did so specifically in the context of ruling on a party's assertion of *forum non conveniens*. *Sinochem*, 549 U.S. at 432. The reason for the exception identified in *Sinochem* is clear—neither district courts nor we reach the merits of a case when we decide issues of *forum non conveniens,* and thus we need not conduct the jurisdictional analysis as a preliminary matter.

The dissent from denial of rehearing en banc also claims that we "cherry pick" language from *Sinochem* and ignore the

CARIJANO v. OCCIDENTAL PETROLEUM

Court's explanation that: "In particular, a court need not resolve [jurisdictional issues] if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." 549 U.S. at 425. This statement in *Sinochem* explains why the district court need not address jurisdiction before it rules on a *forum non conveniens* motion, but it does not address, much less dictate, how appellate review must proceed after a district court makes this election. *See, e.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087-88 (9th Cir. 2009) (noting some of the unanswered questions about appellate review and potential remands to state court raised by *Sinochem*'s *forum non conveniens* holding). *Sinochem* is silent on how an appellate court is to proceed when a district court declines to address jurisdictional issues, but errs in its *forum non conveniens* analysis.

Finally, contrary to the dissent's assertions, the panel opinion does not trap Occidental in federal court. Our opinion does not preclude Occidental from renewing its *forum non conveniens* motion should the district court rule that Amazon Watch lacks standing to assert its claims under California's UCL. *See, e.g.*, *Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766 (C.D. Cal. 2006). In *Van Schijndel*, the district court dismissed the case on *forum non conveniens* grounds. *Id.* at 768. We reversed the dismissal in an unpublished disposition, and on remand the district court again dismissed the case based on the *forum non conveniens* doctrine in light of "substantially changed circumstances." *Id.* at 769 ("The Court concludes that the Ninth Circuit held only that the Court erred in the manner in which it conducted its analysis, but did not intend to preclude the Court from further consideration of the issue in light of its ruling."). We affirmed the second dismissal.

The panel opinion faithfully applies the Supreme Court's *Sinochem* opinion to reverse the district court's *forum non conveniens* decision based on the record before that court.

There was no "boot-strap" or "overreach" here, and our court properly decided not to rehear this appeal en banc.