BLD-049                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1487 and No. 25-2528 (consolidated)
_____

RIVERTOWN TCI, L.P.

v.

OPTYMYZE PTE LTD. c/o Alesandru Sandu President & CEO;
MARK STIFFLER

MARK STIFFLER,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-02576)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2025
Before: KRAUSE, MATEY, and BOVE, *Circuit Judges*

(Opinion filed: January 9, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Because we write primarily for the parties, who are familiar with the procedural history and the facts underlying these consolidated appeals, we will not include those details here. In short, Mark Stiffler has filed these two appeals to challenge the grant of preliminary injunctive relief to Rivertown TCI, L.P., who seeks to recover on a state-court judgment of more than nine million dollars.

Under 28 U.S.C. § 1292(a)(1), we can review the grant of a preliminary injunction, see Del. Strong Fams. v. Att'y Gen. of Del., 793 F.3d 304, 308 (3d Cir. 2015), and any ruling denying reconsideration of that decision that "was functionally the equivalent of a denial of a motion to modify the injunction."[1]  See Merrell-Nat'l Lab'ys,

---

[1] We also can review those orders denying the motions to dismiss for subject-matter jurisdiction that are challenged in the appeal from the grant of preliminary injunctive relief.  See Merrell-Nat'l Lab'ys, Inc., 579 F.2d at 791 ("The scope of an appeal from an interlocutory order is not limited to the appealable order alone. An appellate court has the power to review certain otherwise unappealable orders once it has jurisdiction over the case."); see also Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900) (explaining that an appellate court can always assess its own jurisdiction and the jurisdiction of the court from which the appeal arose).  Upon review, we conclude that the District Court properly denied those motions.  Rivertown presented non-frivolous allegations that Stiffler and Optymyze violated a federal statute.  Counts II and III of the complaint, alleging violations of 18 U.S.C. §§ 1962(c) & 1962(d), respectively, can serve as valid bases for federal-question jurisdiction in this case.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89-90 (1998) (summarizing that "jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover," and explaining that a district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another … unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous") (cleaned up).

Inc. v. Zenith Lab'ys, Inc., 579 F.2d 786, 791 (3d Cir. 1978) (distinguishing as potentially unreviewable "a merely repetitive motion to redetermine an injunction might not be appealable") (citation omitted).[2]

Upon review, and on Rivertown's motion, we will summarily affirm the order granting a preliminary injunction (and the order declining to vacate or reconsider that decision) because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In reviewing the grant of a preliminary injunction, we review the District Court's factual findings for clear error, its legal conclusions de novo, and the decision to grant the injunction for abuse of discretion. See Del. Strong Fams., 793 F.3d at 308. To obtain a preliminary injunction, Rivertown had to show: "(1) a likelihood of success on the merits; (2) that [he would] suffer irreparable harm if the injunction [was] denied; (3) that granting preliminary relief [would] not result in even greater harm to the nonmoving party; and (4) that the public interest favor[ed] such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The first two factors are the most critical. See Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017).

---

[2] Our jurisdiction does not extend to Stiffler's challenge to the grant of a temporary restraining order ("TRO") or the denial of reconsideration of the order granting a TRO. That grant of a TRO is not immediately appealable under § 1291 or § 1292(a), and neither is the denial of reconsideration of the order granting a TRO. See Hope v. Warden York Cnty. Prison, 956 F.3d 156, 159 (3d Cir. 2020); cf. Nascimento, 508 F.3d at 908. To the extent that this appeal implicates those rulings, we will dismiss it for lack of jurisdiction.

For essentially the reasons on which the District Court relied, Rivertown showed a likelihood of success on its claim of successor liability based on a de facto merger. The first factor is satisfied by a showing "significantly better than negligible but not necessarily more likely than not." Reilly, 858 F.3d at 179. A plaintiff "need only prove a 'prima facie case,' not a 'certainty'" of success on the merits. Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). Among other things, Rivertown directed the District Court to relevant state-court findings and produced evidence from discovery in earlier litigation that supported its theory of successor liability.[3] Additionally, as the District Court concluded, Rivertown has plausibly asserted that, under the circumstances, it will lose its ability to recover on its substantial money. See Elliott v. Kiesewetter, 98 F.3d 47, 58 (3d Cir. 1996) (holding that "a court may find that a party seeking an asset freeze to preserve a money judgment may show irreparable injury by showing that the freeze is necessary to prevent the consumption, dissipation or fraudulent conveyance of the assets that the party pursuing the asset freeze seeks to recover in the underlying litigation"). Rivertown has put forward proof of the defendants' efforts to transfer assets to a Singapore entity and otherwise make them unreachable (including through lying to a state court and disobeying court orders).

Given the combination of the likelihood of success on the merits and the showing of irreparable harm absent a stay, the public interest also favors the grant of injunctive

---

[3] Like the District Court, we do not rule out the possibility that Rivertown could also prevail on another theory of liability.

4

relief.  See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 n.8 (3d Cir. 1994) ("As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff.")  On balance, and despite the defendants' arguments that the freeze of the assets will interfere with, or even risk the viability of, its continuing business operations, it does not appear that the District Court abused its discretion in granting a stay.

Additionally, the District Court did not abuse its discretion in declining to reconsider or vacate its decision to grant the preliminary injunction.  See Merrell-Nat'l Lab'ys, Inc., 579 F.2d at 791-92 (reviewing for abuse of discretion a district court's decision not to modify or redetermine an injunction); see generally Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a motion for reconsideration may be used "to correct manifest errors of law or fact or to present newly discovered evidence") (citation and quotation marks omitted).

For these reasons, Rivertown's motion for summary action is granted in this consolidated appeal, and we will affirm the District Court's judgment.  The motion to consolidate this consolidated appeal with other related appeals is denied.  Appellee's and Appellant's motions to continue seals are granted; the seals are continued for five years.  Appellant's motions for a stay of the District Court proceedings pending appeals, motions to strike, motions to expedite, requests to vacate and void the District Court's rulings, and all other remaining requests in this consolidated matter are denied.